# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT STONE, M.D., *et al.*, | )<br>)<br>) |
| Plaintiffs, | )    No. 06 C 4119 |
| vs. | )    District Judge Gettleman<br>)    Magistrate Judge Schenkier |
| DAVID KINNARD, *et al.*, | )<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs have filed a motion for temporary restraining order, expedited discovery, and an accounting (doc. # 4). In a separate Report and Recommendation issued today, the Court recommended that the request for temporary restraining order be denied. In this Memorandum Opinion and Order, we address these other two requests.

### I.

Plaintiffs' request for expedited discovery is denied. Plaintiffs ask that the expedited discovery be completed within 17 days of this order, and urge that expedition is required in order to develop the record needed for a preliminary injunction hearing. However, I do not believe it likely that discovery would overcome the hurdles to injunctive relief set forth above. Moreover, even if there were expedited discovery that would create a basis for preliminary injunctive relief, plaintiffs do not reveal what that discovery is, or how they propose to accomplish it within the very compressed time frame they seek. The prolix nature of the complaint, which spans 50 pages and alleges hundreds of paragraphs (many of them repetitive), gives us little confidence that if given a blank check, plaintiffs would be focused and restrained in what they sought.

However, while plaintiffs have not made the case for expedited discovery, the Court is concerned about the possibility of undue delay in the case. I note that in the adversary action before Judge Hollis, the defendants were due to answer the complaint by August 24, 2006, and all discovery was due to be completed by November 24, 2006. In view of plaintiffs' filing of this parallel action in the district court, on August 23, 2006, defendants in the adversary action now have moved to withdraw the reference of that case to the bankruptcy court, so that it may be reassigned to the same district judge presiding in this case. The Court does not believe that these tactical maneuvers by the parties should unduly delay the ultimate disposition of this action. Defendants may not have been formally served with the complaint in this case, but because it is the same as the one in the adversary action, they have well-known of these allegations since last spring. Thus, while I deny the request for expedited discovery, I will order the parties to engage in a Rule 26(f) planning conference by September 1, 2006, and to file a joint report of that conference by September 8, 2006.

## II.

We now turn to the question of an accounting. Under Illinois law, accounting is an equitable remedy. *Kempner Mobile Electronics, Inc. v. Southwestern Bell Mobile Systs.*, 428 F.3d 706, 715 (7th Cir. 2005). To state a claim for accounting, plaintiff must allege the absence of an adequate remedy at law. *Id.* Plaintiffs have failed to make that allegation, and indeed, would be hard pressed to do so since the information the plaintiffs would wish to obtain through an accounting should be

available through the normal discovery processes. *Id.* Accordingly, the motion for an immediate accounting is denied.

ENTER:

_____
SIDNEY I. SCHENKIER
United States Magistrate Judge

DATED: August 24, 2006